IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-491-BO

| | |
|---|---|
| STEPHEN MERCIER and BRENDA HARRIS, ) ) ) Plaintiffs, ) ) v. ) ) NATIONSTAR MORTGAGE, et al. ) ) Defendants. ) | O R D E R |

This matter comes before the Court on plaintiffs' motion to void judgment and for a bill of reconsideration. [DE 10]. For the reasons discussed below, plaintiffs' motion is DENIED.

## BACKGROUND

On November 4, 2019, plaintiffs filed a complaint along with a motion for temporary restraining order ("TRO") and preliminary injunction. The genesis of plaintiffs' complaint and motion was that the following day, November 5, 2019, defendant Nationstar Mortgage was going to initiate a foreclosure sale of their home. The foreclosure was granted by the North Carolina Superior Court following a hearing on July 9, 2019. Plaintiffs' motion asked the Court to enjoin the foreclosure.

In their complaint, plaintiffs argue that defendants misled and deceived them with respect to the foreclosure and that the foreclosure was unlawful because it ignored certain legal rights that plaintiffs—particularly Stephen Mercier—had in the property. The plaintiffs also allege that the North Carolina Superior Court judge in the foreclosure action was biased, discriminated against them, and deprived them of due process.

On November 7, before the Court had ruled on their TRO motion, plaintiffs filed another motion for a TRO. On November 7, the Court denied both TRO and preliminary injunction motions. The Court stated that plaintiffs had not demonstrated a likelihood of success on the merits, which is a requirement for both a TRO and a preliminary injunction. *Winter v. Nat. Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008).

On November 13, plaintiffs filed the instant motion, which asks the Court to vacate and reconsider its previous orders as well as asks the undersigned to recuse from the case. [DE 10 at 5, ¶ 14].

## DISCUSSION

The Court considers first plaintiffs' request seeking recusal of the undersigned. 28 U.S.C. § 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality may reasonably be questioned. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (citation omitted). "The proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

Plaintiffs have failed to make a showing that the undersigned's impartiality might reasonably be questioned. The primary basis for disqualification advanced by plaintiffs are the two previous orders denying them injunctive relief. As noted above, judicial rulings almost never constitute a valid basis for disqualification. Having failed to demonstrate that another with knowledge of the circumstances might reasonably question the undersigned's impartiality, the motions for recusal are denied.

Next, the Court also denies plaintiffs request that the Court vacate and reconsider its early orders. In order to succeed on a motion pursuant to Federal Rule of Civil Procedure 59(e), the movant must demonstrate that the judgment under reconsideration should be altered or amended. The Fourth Circuit has identified three circumstances which justify altering or amending a judgment: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *See Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005). Alteration or amendment of a judgment "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

The Court has reviewed the plaintiffs' brief and does not find that any of the three criteria for altering the prior orders is satisfied. Plaintiffs' motion must be denied.

## CONCLUSION

Plaintiffs' motion to vacate and for reconsideration [DE 10] is DENIED.

SO ORDERED, this __15__ day of December, 2019.

                                                   Terrence Boyle
                                                   TERRENCE W. BOYLE
                                                   CHIEF UNITED STATES DISTRICT JUDGE